**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** § § § § **vs.** § § § § **KEVIN M. COX** § § | **CASE NO. 9:12CR9** |

**REPORT AND RECOMMENDATION
ON REVOCATION OF SUPERVISED RELEASE**

The Government moved to revoke Defendant Kevin M. Cox's supervised release based on violations of his supervised release conditions. Defendant waived his right to a revocation hearing and pleaded "true" to Allegation 1 in the Petition. It is the recommendation of the undersigned that the plea be accepted and that Defendant be sentenced to serve 14 months of imprisonment with no further supervised release.

*Background*

After pleading guilty to the Offense of Felon in Possession of a Firearm, Defendant was sentenced on September 10, 2010, by the Honorable Algenon L. Marbley, United States District Judge, to 28 months of imprisonment to be followed by 3 years of supervised release. Defendant completed his term of imprisonment and began serving his term of supervised release on June 16, 2011. Defendant's conditions of supervised release were modified on February 6, 2012 to include a condition requiring testing and treatment for alcohol abuse and prohibiting Defendant from drinking alcohol while on supervised release. Jurisdiction was transferred to this district and division on March 6, 2012.

*Allegations*

In the Amended Petition for Warrant for Offender Under Supervision filed on October 21, 2013, United States Probation Officer Wes Basham alleges that Defendant violated the conditions of his supervised release that state: (1) the defendant shall not commit another federal, state or local crime; (2) the defendant shall refrain from any unlawful use of a controlled substance and shall to submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter, as directed by the probation officer; (3) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician; and (4) the defendant shall pay a $100 special assessment.

More specifically, it is alleged that Defendant was convicted of Driving While Intoxicated (Cause No. 2012–0416), Class A Misdemeanor–2nd Offense, in Harrison County, Texas on July 18, 2012 and was placed on activity community supervision for a period of 24 months.  Next, it is alleged that Defendant was arrested by the Kilgore Police Department on October 12, 2013 for the following offense:  Failure to Identify Fugitive with the Intent to Give False Information, a Class A Misdemeanor, and for Possession of a Controlled Substance (methamphetamine), a 3rd Degree Felony.  According to the offense report, several items were discovered at the time of Defendant's arrest, including 1 syringe containing .3 grams of methamphetamine, 5 syringes in a plastic bag and 1 spoon containing methamphetamine residue. At the time of the October 12, 2013 arrest, it was allegedly discovered that Defendant had multiple outstanding warrants from Harrison County and Rusk County, Texas.  On May 24, 2012, Defendant was allegedly arrested in Gregg County, Texas and charged with the offense of

Driving While License Invalid, Stop Sign Violation and Fail to Signal. Defendant submitted a monthly supervision report on August 14, 2012 that allegedly stated that Defendant was issued a citation by the Texas Department of Public Safety on July 15, 2012 for Driving While License Invalid. Defendant was also allegedly arrested on August 10, 2012 by the North Carolina Highway Patrol in Gaston County, North Carolina and charged with the offense of No Operators License and Speeding, Case No. 12CR60900, for allegedly traveling at a speed of 81 mph in a 65 mph zone. It is alleged that Defendant submitted a urine specimen on July 23, 2012 that tested positive for methamphetamine and then signed a written admission to using methamphetamine on July 20, 2012. Finally, it is alleged that Defendant has not made any payments toward the $100 special assessment.

*Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). Pursuant to 18 U.S.C. § 3583(g), the Court also shall revoke the term of supervised release if Defendant possessed a controlled substance in violation of his conditions. Evidence of drug use is sufficient to support a finding of possession of a controlled substance within the meaning of 18 U.S.C. § 3583(g). *See U.S. v. Smith*, 978 F.2d 181 (5th Cir. 1992). In the present case, Defendant's original offense of conviction was a Class C felony. Accordingly, the maximum sentence the Court may impose is 2 years of imprisonment. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by committing the offense of Possession of a Controlled Substance (methamphetamine) and by using and thereby possessing methamphetamine as alleged in the Petition, he is guilty of a Grade B violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was VI. The Guidelines, therefore, provide that Defendant's guideline range for a Grade B violation is 21 to 27 months of imprisonment. U.S.S.G. § 7B1.4(a).

If the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by committing the offenses of DWI, Driving While License Invalid, Stop Sign Violation, Fail to Signal, Driving While License Invalid, No Operators License, Speeding, and Failure to Identify Fugitive with the Intent to Give False Information, by having outstanding traffic warrants and by failing to pay his $100 special assessment as alleged in the Petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). With Defendant's original criminal history category of VI, the Guidelines provide a guideline range of 8 to 14 months of imprisonment. U.S.S.G. § 7B1.4(a). The grade of the violation having the most serious grade is used to determine the guideline range when there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense. U.S.S.G. § 7B1.1(b).

*Hearing*

On January 27, 2014, Defendant appeared for an initial appearance. Assistant Federal Defender Ken Hawk was appointed to represent Defendant. Defendant waived his right to a

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir.1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir.1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

preliminary hearing. Mr. Hawk and Assistant United States Attorney Richard Moore announced that an agreement was reached for Defendant to enter a plea of true to Allegation 1 in the petition and to jointly request a sentence of 14 months of imprisonment with no further supervised release. After the Court explained to Defendant his right to a revocation hearing, Defendant waived his right to a revocation hearing and entered a plea of "true" to Allegation 1 in the petition. Defendant requested a recommendation to the Bureau of Prisons to designate him to FCI Fort Worth.

*Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 1 in the petition is true. Defendant is guilty of a Grade C supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and Defendant should be sentenced to 14 months of imprisonment with no further supervised release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

**RECOMMENDATION**

In light of the foregoing, it is recommended that Defendant's term of supervised release be **REVOKED** and that he be sentenced to 14 months of imprisonment with no further supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocate before being sentenced by the Court.  Defendant waived those rights and executed a written waiver in open court.  The Government also waived its right to object to the Report and Recommendation.  It is, therefore, recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be imprisoned for a period of 14 months with no further supervised release.

So ORDERED and SIGNED this 27th day of January, 2014.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE